UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MADIABEL GUEYE,

              Plaintiff,

      v.

WELLS FARGO BANK, et al.,

              Defendants.

Case No.  22-cv-08904-JSC

**ORDER RE: MOTION TO DISMISS**

Re: Dkt. No. 29

Plaintiff, proceeding without the assistance of a lawyer, brings this lawsuit against Wells Fargo Bank, N.A. and Chris Potts (a Wells Fargo employee), for (1) a violation of 42 U.S.C. § 1981 and (2) intentional infliction of emotional distress.  Defendants move to dismiss.  Plaintiff has not filed an opposition, and the time to do so has expired.  After carefully considering the arguments and briefing Wells Fargo submitted, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS Defendants' motion to dismiss.  The face of Plaintiff's complaint establishes that his claims are barred by the statute-of-limitations.  However, Plaintiff may be able to allege that actionable conduct occurred during the two years preceding the filing of his lawsuit, so he is granted leave to file an amended complaint.  If Plaintiff wishes to pursue this lawsuit, he must file an amended complaint on or before **June 29, 2023**.

**COMPLAINT ALLEGATIONS**

Plaintiff runs a business in Antioch, California.  (Dkt. No. 1 ¶ 3.)[1]  Since 2007, Plaintiff has banked at a Wells Fargo branch near his business.  (*Id.*)  Plaintiff and his employees make cash deposits of $10,000 and $50,000 every other week.  (*Id.* ¶¶ 4, 13.)

While making those deposits, "Mr. Gueye and his employees have been subjected to racial profiling, racial slurs, derogatory comments, suspicion, unequal treatment and humiliation by Defendant's employees.  Mr. Gueye is an African American man and his employees are ethnic

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

minorities." (*Id.* ¶ 5.) Plaintiff states "[i]t is not possible to describe all occurrences of overt or blatant discrimination that transpired in this complaint," but provides two "noteworthy occurrences" to serve as "an illustration." (*Id.* ¶ 13.)

First, on December 15, 2018, Plaintiff went to the Antioch branch to deposit $48,356.59 in his account. A Wells Fargo employee "looked at him with suspicion and said 'where did you get this money.'" (*Id.* ¶ 14.) The employee required Plaintiff provide three forms of identification, which is allegedly not required under any written policy. (*Id.*) Plaintiff was "aghast" and called defendant Chris Potts (a Wells Fargo manager) to "express his dismay." (*Id.*) Mr. Potts responded "there was nothing he c[ould] do and further said if [Plaintiff] didn't like the service at the Antioch branch he should seek service elsewhere." (*Id.* ¶ 15.)

Second, on March 25, 2019, Plaintiff went to deposit "$17,458.25, $6707.00, and $6800" at the Antioch branch. (*Id.* ¶ 17.) Defendant's employees treated Plaintiff with "frowns, suspicion and hostility" when he presented the cash. (*Id.*) He was told his cash was "$5,000 short" of his own calculation. (*Id.*) When he requested the employee count the cash by hand, the employee refused to do so even though Plaintiff "was the only customer in the building at the time...and Defendant's other employees were not preoccupied." (*Id.*) Plaintiff again called Mr. Potts, who confirmed employees are required to count cash by hand when a dispute arises. (*Id.* ¶ 18.)

Finally, in "every occurrence" Plaintiff "knew the exact amount of cash he had prior to visiting the Antioch branch" but Wells Fargo employees "reported cash shortages after counting his money." (*Id.* ¶ 16.) Plaintiff estimates he lost over $150,000 due to these discrepancies. (*Id.*)

## DISCUSSION

### I.      Motion to Dismiss

Plaintiff's two specific examples of offensive conduct are time-barred. "The statute of limitations for federal civil rights claims under sections 1981, 1983, and 2000(d) is 'governed by the forum state's statute of limitations for personal injury actions.'" *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 951–52 (9th Cir. 2022) (citing *Bird v. Dep't of Human Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (per curiam) (quotation marks and alterations omitted). Under California law, the limitations period for personal injury actions—including intentional infliction of emotional

2

distress—is two years. Cal. Code Civ. Proc. § 335.1; *see also Wassman v. South Orange County Community College Dist.* 24 Cal.App.5th 825, 852-53 (2018). "Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (cleaned up). For § 1981 claims, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* Relatedly, "[a] cause of action for intentional infliction of emotional distress accrues, and the statute of limitations begins to run, once the plaintiff suffers severe emotional distress as a result of outrageous conduct on the part of the defendant." *Wassman*, 24 Cal.App.5th 825 at 853.

Applying those statute-of-limitation principles here, Plaintiff's two specific examples occurred in 2018 and 2019 respectively. Plaintiff knew those events occurred at the time they occurred in 2018 and 2019. But Plaintiff did not file suit until 2022—after the two-year statute-of-limitations expired. Therefore, those time-barred acts cannot serve as the sole basis for the claims here. While Plaintiff has pled discrimination continued over the past "four years," Plaintiff does not allege any facts (other than the time-barred instances) to support these claims.

Because Plaintiff's allegations show the claims as pled are barred by the statute-of-limitations, Defendants' motion to dismiss is GRANTED.

## II.     Leave to Amend

Because Plaintiff could plead facts necessary to state a claim in an amended complaint, Plaintiff may file an amended complaint. Any amended complaint must be filed on or before **June 29, 2023**. *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (holding if the court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts"). If Plaintiff does not file an amended complaint by that date, the action will be dismissed with prejudice.

Plaintiff is informed the Court cannot refer to prior pleadings in order to make an amended complaint complete. Any amended complaint must be complete in itself because it replaces the previously filed complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

As Plaintiff is proceeding without representation by a lawyer, the Court directs his attention to the Handbook for Pro Se Litigants, which is available along with further information

United States District Court
Northern District of California

for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants.  Plaintiff may also contact the Legal Help Center for free assistance; he can make an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

<b>CONCLUSION</b>

For the reasons stated above, Defendants' motion to dismiss is GRANTED.  The hearing scheduled for June 1, 2023, is VACATED.  Plaintiff may file an amended complaint on or before **June 29, 2023**.  If Plaintiff does not file any amended complaint by that date, the action will be dismissed with prejudice as barred by the statute-of-limitations.

**IT IS SO ORDERED.**

This Order disposes of Dkt. No. 29.

Dated: May 24, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

4