UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADIABEL GUEYE,<br>   Plaintiff,<br>  v.<br>WELLS FARGO BANK, et al.,<br>   Defendants. | Case No.  3:22-cv-08904-JSC<br><br>**DISMISSAL ORDER** |

Madiabel Gueye, who is representing himself, brought suit against Wells Fargo Bank, N.A. and Chris Potts (a Wells Fargo employee), alleging Defendants racially discriminated against him in violation of 42 U.S.C. § 1981 and intentionally inflicted emotional distress upon him. (Dkt. No. 1.)[1] Defendants moved to dismiss the initial complaint, and the Court granted Defendants' motion to dismiss with leave to amend. (Dkt. No. 32.) After Mr. Gueye filed an amended complaint, Defendants again moved to dismiss the complaint and the Court again granted the motion with leave to amend. (Dkt. No. 45.) Mr. Gueye then filed a second amended complaint. (Dkt. No. 51.) Defendants moved to dismiss the second amended complaint. (Dkt. No. 52.) Plaintiff did not file an opposition by the deadline. Because Plaintiff was proceeding without an attorney, the Court gave Plaintiff one additional week to file a response to Defendants' motion to dismiss, and "warn[ed] Plaintiff that failure to respond to this motion could result in his claim being dismissed." (Dkt. No. 55.) Plaintiff did not respond by the extended deadline. The Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute and indicated if Plaintiff failed to file a written response by July 24, 2024, the Court would dismiss the case with

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

prejudice for failure to prosecute.  (Dkt. No. 57.)

As of August 1, 2024, Plaintiff has failed to respond to either the motion to dismiss or the order to show cause.  Nor has Plaintiff asked the Court to extend any deadlines or communicated with the Court in any way.  So, the Court DISMISSES the case WITH PREJUDICE for failure to prosecute and failure to comply with the Court's order to show cause.

Pursuant to Federal Rules of Civil Procedure 41(b), the Court may dismiss an action for failure to prosecute or to comply with a court order.  *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.").  In determining whether a Rule 41(b) dismissal is appropriate, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (cleaned up).

Here, four of the five *Henderson* factors weigh in favor of dismissal. The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980).  By failing to file a response or respond to the Court's Order, Plaintiff has delayed adjudication of this action.  Non-compliance with the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

 As for the third factor, while "the pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal," the delay caused by Plaintiff's failure to prosecute this action despite the Court's order weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999).

The fourth factor is the availability of less drastic sanctions. The Court already cautioned Plaintiff that failure to respond to the order to show cause would result in dismissal of the case. Thus, the Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick*, 963 F.2d at 1262 ("A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions] requirement." (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987))). The fourth factor thus weighs in favor of dismissal.

The last factor, which favors disposition on the merits, by definition weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal."). However, the Court notes that were it to consider the merits, it would likely dismiss the case for failure to state a claim, for the same reasons stated in the Court's previous dismissal. (Dkt. No. 45.)

In sum, four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety. *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal). The Court therefore DISMISSES this action with prejudice.

**IT IS SO ORDERED.**

Dated: August 2, 2024

JACQUELINE SCOTT CORLEY
United States District Judge

3